Common Pleas Court of Holmes County.

STATE OF OHIO V. THOMAS RICHARDS.*

Decided November 2, 1931.

*E. M. Estill,* prosecuting attorney, for state.
*Walter Ruff,* for defendant Richards.

PUTNAM, J.

This is a motion of the defendant for a change of venue for the reason that the defendant alleges that he cannot have a fair and impartial trial in Holmes county. The motion is supported by affidavits and was opposed by counter affidavits on the part of the state. In addition thereto, opportunity was afforded to the defendants for a full hearing upon the motions and the introduction of evidence, in addition thereto.

Article 1, Section 10 of the Bill of Rights in the Constitution of the state of Ohio provides in part as follows:

"* * * In any trial in any court the party accused shall be allowed to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. * * *."

In other words, he has the right to be judged by his peers of the vicinage. This right developed historically to prevent the abuse in early England of taking a man away

---

*Affirmed by Court of Appeals and Supreme Court.

from home to a strange place, that is to the seat of Government in London, for trial, and has always been a highly prized right. The accused has also a constitutional right to a fair and impartial trial. The two rights are concurrent and our statute has recognized them both by providing that when it becomes manifest that an accused cannot have a fair and impartial trial in the county in which the crime was committed that he shall have the right to have the trial in some other county of the state where he can have a fair and impartial trial. However, this change of venue is an exception to the general rule and should only be granted when it becomes manifest that a fair trial cannot be had in the county of the origin of the crime.

The right of granting this change of venue lies in the sound discretion of the trial court and a trial court should not grant a change of venue until it becomes apparent to him that a fair trial cannot be had. It is an unusual proceeding, it is an inconvenience to all parties and more expensive and in derogation of constitutional rights which in some cases are most precious. However, when it becomes clearly apparent that a fair and impartial trial cannot be had, it is the duty of the trial court to grant it.

The ultimate fact to be decided in any case upon application for a change of venue is, can the defendant have a fair and impartial trial? This court does not think that this matter can be proved one way or the other by ten or fifteen affidavits pro and con. After all, these affidavits are simply the opinion of the people who make them and to say upon those affidavits alone that out of all the people of a particular county a fair and impartial jury cannot be impaneled is largely guess work. The ultimate test arrives when it comes to impaneling a jury. If, after a reasonable effort, it becomes apparent from the examination of jurymen that prejudice and feeling and opinions pre-conceived are so wide spread that the obtaining of a fair and impartial jury is problematical, a change should be ordered.

It is, therefore, the opinion and order of this court that the motions for a change of venue should be overruled at the present time without prejudice.